Michael J. McCue
Nevada Bar No. 6055
MMcCue@LRRLaw.com
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@LRRLaw.com
Meng Zhong
Nevada Bar No. 12145
MZhong@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996
702.949.8200 (tel.)
702.949.8398 (fax)

*Attorneys for GBM – Season 2, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GBM – SEASON 2, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TOTALLY PACKAGED, LLC, A LIMITED LIABILITY COMPANY; MUSIC 4 MY SOUL LLC, A LIMITED LIABILITY COMPANY; VEDA L. SMITH, AN INDIVIDUAL; J.R. STEWART, AN INDIVIDUAL,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

For its Complaint against Defendants Totally Packaged, LLC, Music 4 My Soul LLC d/b/a Music 4 My Soul Management Company/Entertainment Company, Veda L. Smith, and J.R. Stewart (collectively, "Defendants"), Plaintiff GBM – Season 2, LLC ("Plaintiff" or "GBM") states the following:

**NATURE OF THE ACTION**

1. This is an action, bought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, seeking a declaratory judgment that Plaintiff has not infringed Defendants' claimed

-1-

6743826_1

copyrights in marketing plans and for breach of contract.

**JURISDICTION AND VENUE**

2.   This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338 because Plaintiff's primary cause of action, which seeks a declaration of non-infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*., (the "Copyright Act"), arises under the laws of the United States. In addition, this Court has supplemental subject matter jurisdiction over Plaintiff's state law cause of action, pursuant to 28 U.S.C. § 1367(a), because such cause of action is so related to Plaintiff's copyright claim, over which the Court has original jurisdiction, that it forms part of the same case or controversy under Article III of the United States Constitution.

3.   Additionally, upon information and belief, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

4.   This Court has specific personal jurisdiction over Defendants because Plaintiff's causes of action arises from Defendants' activities within this judicial district and the exercise of specific personal jurisdiction over Defendants would otherwise be reasonable.

5.   Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in this judicial district. Specifically, the agreements at issue were performed in Las Vegas, Nevada and the alleged violation of Defendants' copyrights occurred in connection with a beauty pageant held in Las Vegas, Nevada.

**PARTIES**

6.   GBM – Season 2, LLC is a Nevada limited liability company with its principal place of business in Nevada. GBM has one member, Midwest Multi-Business Corporation, a domestic Nevada corporation.

7.   Defendant Totally Packaged, LLC is believed to be a limited liability company with its principal place of business in Los Angeles, California. Upon information and belief, Totally Packaged, LLC is owned by Ms. Smith, who is believed to be a resident and citizen of California.

-2-

8.     Music 4 My Soul, LLC is believed to be a limited liability company with its principal place of business in Los Angeles, California. Upon information and belief, Music 4 Soul, LLC is owned by Ms. Smith, who is believed to be a resident and citizen of California.

9.     Defendant Veda L. Smith is believed to be an individual residing in and a citizen of California.

10.    Defendant J.R. Stewart is believed to be an individual residing in and a citizen of California.

## GENERAL ALLEGATIONS

11.    GBM owns the rights in a beauty competition known as "Global Beauty Masters" which was held in Las Vegas, Nevada, on or about October 3-5.

12.    In connection with the competition, GBM, through its representatives, entered into various agreements with Defendants by which the Defendants agreed to provide certain services, including procuring talent to host at the show, procuring sponsors and production partners, and developing a marketing plan.

13.    There is a dispute between GBM and Defendants regarding the amount that is due and owing under these agreements.

14.    Defendants demand payment of monies that GBM did not agree to pay for what they have delivered to GBM and there is a dispute as to the timing of payment. In written demands, Defendants have asked for over $208,000 in payment.

15.    Additionally, without GBM's knowledge or consent and despite the fact that GBM paid Defendants $3,000 for developing the marketing plan, Defendant Totally Packaged, LLC filed for copyright registration for the marketing plan.

16.    GBM believes it owns the copyrights in the marketing plan (although the marketing plan was deficient and amateurish). Even if Defendant Totally Packaged, LLC owns valid copyrights in the marketing plan, Defendant granted at least an express or implied license to GBM to use the marketing plan.

17.    Defendants are attempting to use the alleged copyright rights in the marketing plan to leverage payment of amounts that GBM believes are not due in the excessive amounts being

claimed for what has been ultimately delivered and owing to Defendants under the agreements.

18. Defendants are attempting to use the alleged copyrights in the marketing plan to protect unprotectable ideas and concepts.

### Count I – Declaration of Non-Infringement

19. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

20. GBM owns the copyrights in the marketing plan.

21. Even if GBM does not own the copyrights in the marketing plan, GBM has an express or implied license to use the copyrights the marketing plan.

22. The copyrights in the marketing plan do not extend to ideas or concepts embodied therein.

23. GBM is not infringing any copyrights in the marketing plan.

24. Based on the aforementioned allegations, a real and justiciable case or controversy exists between Plaintiff and Defendants concerning whether Plaintiff has infringed Defendants' claimed copyright.

25. Such controversy is ripe for adjudication.

### Count II – Breach of Contract

26. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

27. GBM and Defendants entered into certain agreements.

28. Based on the aforementioned acts, Defendants breached certain terms of those agreements.

29. As the result of the breach, GBM has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendants, and that the Court enter judgment:

A. Declaring that Plaintiff has not infringed any copyright owned by Defendants;

B. Declaring that Defendants have substantially and materially breached material terms of agreements between Plaintiff and Defendants ;

-4-

6743826_1

      C.      Awarding Plaintiff its costs and reasonable attorneys' fees; and

      D.      Awarding Plaintiff such other and further relief as the Court deems just and equitable.

DATED: October 9th day, 2015.

LEWIS ROCA ROTHGERBER LLP

By: /s/ Michael J. McCue

Michael J. McCue
Jonathan W. Fountain
Meng Zhong
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996

*Attorneys for Plaintiff*
*GBM – Season 2, LLC*